## REDDIN COLLINS *v.* THE STATE.

1. AGGRAVATED ASSAULT — INFORMATION. — An assault or battery becomes aggravated when committed by an adult male upon the person of a female; and this is sufficiently charged in an information which alleges that the accused is an "adult male, and the said E. G. being then and there a female."

2. CHARGE OF COURT. — The accused has no right to complain of erroneous instructions given at his own request.

3. SAME. — The penalty for the offence must be given in charge to the jury.

4. SAME. — Accused asked the court to instruct the jury that "no testimony of a former alleged offence by defendant can be taken into consideration in arriving at a verdict in this case." *Held*, a proper instruction under the evidence, and error to refuse it.

5. OATH TO JURY. — Recital that the jury were "sworn to well and truly try the issue joined between the State and said defendant" imports that an unauthorized oath was administered to the jury, which vitiates the verdict and necessitates a reversal of a judgment of conviction.

6. CLERKS need not recite the oath administered to the jury, but when they do, the recital must not show that it was a different oath than that prescribed. Their duty in this matter, though simple, is important; and their attention is called to the cases of *Tharp* v. *The State*, 3 Texas Ct. App. 90, and *Leer* v. *The State*, 2 Texas Ct. App. 495.

APPEAL from the County Court of Hopkins. Tried below before the Hon. F. M. ROGERS, County Judge.

*C. Payne*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The information charges the appellant with an aggravated assault and battery upon one Emeline Gillum, charging that the accused was an "adult male, and the said Emeline Gillum being then and there a female."

The sufficiency of the information is questioned by a motion in arrest of judgment. It is said in the motion that the information fails to describe the offence charged with such certainty as will enable the accused to plead the judgment in bar of a second prosecution for the same offence. Other similar grounds are urged against the information.

The information evidently is intended to charge one of the grades of assault mentioned in the fifth subdivision of the 488th article of the Penal Code, which article prescribes the different circumstances under which an assault or battery becomes aggravated; and which subdivision is as follows:

" 5. When committed by an adult male upon the person of a female." * * * Pasc. Dig., art. 2150.

The information states that the accused is an adult male, and that the person upon whom the assault is alleged to have been made is a female, which is in full compliance with the requirements of law. The information is sufficient, and there was no error in overruling the motion in arrest of judgment.

The instructions given by the court to the jury are shown by the record to have been asked by the defendant; and, if incorrect, it would seem he has no one to blame but himself. Still, there is one vital defect in the charge, which we feel called upon to notice. It does not appear from the record that the jury were informed in any manner as to the penalty imposed by law for the offence charged. This was a part of the law of the case, and upon it the jury should have been properly instructed.

The following charge was asked by the defendant, and refused by the court: "No testimony of a former alleged offence by defendant can be taken into consideration in arriving at a verdict in this case." We are of opinion, after examination of the evidence, as disclosed by the statement of facts, that this was a proper instruction, and that the court erred in refusing it.

The oath admininistered to the jury, as set out in the transcript, is that the jury were "sworn to well and truly try the issue joined between the State and said defendant." This is not the oath prescribed by law to be administered to a jury in any criminal case. See Code Cr. Proc., art. 563 (Pasc. Dig., art. 3029); *Clampitt* v. *The State*, 3 Texas Ct. App. 638; *Tharp et al.* v. *The State*, 3 Texas Ct. App. 90. For a sufficient statement of the swearing of a jury in a criminal trial, see *Leer* v. *The State*, 2 Texas Ct. App. 495.

When the record recites an oath other than that pre-

scribed by law, it vitiates the verdict. It is not necessary to set out in the record the oath taken by the jury; but when it is set out, and it appears therefrom that other than the statutory oath was administered, the verdict must be set aside.

Special attention is invited to the case of Tharp *et al.* and Leer's case, above cited, and the remarks of the court in each, and the authorities there cited.

Inasmuch as the judgment must be reversed, we take occasion to notice that the evidence is not altogether satisfactory. The conviction upon the record before us cannot stand; and, for the reasons above set out, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*